# OF THE STATE OF LOUISIANA.

EASTERN DIST.
February, 1838.

WILLIAMS ET AL. *vs.* HOLLOWAY.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. HELENA, THE JUDGE THEREOF PRESIDING.

11    515
116    816

The code of practice was adopted in [2] September, 1825. [It was in force throughout the state, the 2d October, 1825.]

The record of a final judgment will not be received in evidence, when it appears the judgment is not signed by the judge.

This is an action to enforce a mortgage against a tract of land in the possession of the defendant as third possessor. The latter holds the premises in virtue of a sheriff's sale. On the trial, the defendant offered in evidence, the record of the proceedings and judgment under which the land was sold, in support of his title. The transcript purported to be the proceedings and final judgment of a suit, between one Wm. Robinson and Samuel Lanier. The plaintiff's counsel objected to the reading of the record, because it did not contain *a copy* of the judgment rendered in the case, but is merely a transcript of the judgment docket, kept by the clerk; and because the paper purporting to be the judgment, does not contain the signature of the judge; and contains no reasons or reference to any law on which it is founded. The court overruled the objections, and received the transcript in evidence, to which decision a bill of exceptions was taken.

The jury returned a verdict for the defendant, and from judgment thereon the plaintiff appealed.

*Lawson,* for the plaintiff. The transcript of the judgment in the suit of Robinson *vs.* Lanier, was improperly admitted to be read in evidence. It appears from the certificate of the clerk, to be merely a short note, or entry of the final judgment, copied from the judgment docket, and recorded in the book of notarial records. This can neither be evidence of a judgment, nor operate as a judicial mortgage.

## 516                            CASES IN THE SUPREME COURT

EASTERN DIST.
*February*, 1838.
WILLIAMS ET AL.
*vs.*
HOLLOWAY.

2. It is invalid as a judgment, because it contains neither the signature of the judge, nor the reasons on which it is founded. 2 *Martin, N. S.*, 239.  8 *Ibid.*, 237.  6 *Ibid.*, 121. 5 *Ibid*, 691.

*Preston,* for defendant, contended, that when this judgment was rendered, it was not necessary to sign it.   The Code of Practice is relied on, to show that it was no judgment.   This judgment was rendered the 27th October, 1827, and the Code of Practice was not finally adopted until the 25th March, 1828, and is not therefore applicable to it.   But every one of the articles quoted, regard a judgment *rendered* as valid though not signed.   *Code of Practice,* 545, 6, 7, 555.

2. In this case the clerk certifies, that judgment was rendered in the words and figures following ; and then certifies those words and figures to be a true copy of the judgment.   He thus certifies the judgment itself, *verbatum et figuratim.*

*T. L. Andrews,* for plaintiff, in reply, showed by reference to the law, that the document offered in evidence, was no judgment, and consequently the whole question was decided against the defendant.   His judgment must, therefore, be reversed.   *Code of Practice,* 545, 6, 7, 555, and *Louisiana Code,* 3314, 3330.

*Martin, J.,* delivered the opinion of the court.

The plaintiff and appellant had placed this case before us on a bill of exceptions.   At the trial, the defendant offered in evidence, a paper purporting to be the record of the final judgment rendered in the case of Robinson *vs.* Lanier.   The plaintiff objected to its going to the jury, on the grounds that it was not a copy of the judgment, but merely a transcript of the judgment docket, and the judgment does not appear to have been signed by the judge, and contains not the reasons on which it was rendered, nor a reference to any law.   The objection was overruled, and the plaintiff took his bill of exceptions.   His counsel urges that the District Court erred,

because the document recorded is only the memorandum of a judgment transcribed from the clerk's docket ; and the judgment does not appear to have been signed by the judge. *Code of Practice*, 546, 547, 555.

The defendant and appellee has contended, that the Code of Practice, which requires the signature of a judge to a judgment, was not adopted until the 25th of March, 1828, and the judgment had been rendered five months before, to wit : on the 27th of October, 1827, and every one of the articles quoted, regard a judgment *rendered* as a judgment, though not signed.

It appears to us that the District Court erred. The Code of Practice went into operation in September, 1825. The article 546, requires the judge to sign all definitive judgments ; and this is not dispensed with by any other article of that code.

The Code of Practice was adopted on 2d Sept., 1825. It was in force throughout the state the 2d October, 1825 The record of a final judgment will not be received in evidence, when it appears the judgment is not signed by the judge.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed, the verdict set aside, and the case remanded for a new trial, with directions to the judge, not to suffer the document objected to by plaintiff's counsel to be read in evidence; the defendant and appellee paying costs of this appeal.